S13Y0956. IN THE MATTER OF CHARLES W. FIELD.
(742 SE2d 477)

PER CURIAM.

This disciplinary matter is before the Court on the report and recommendation of the special master, James E. Mahar, Jr., who recommends that the Court accept the petition for voluntary surrender of license filed by Respondent, Charles W. Field (State Bar No. 259350), after the State Bar filed a Formal Complaint against him. In the petition Field admits that he violated Rules 1.3, 1.4, and 1.5 of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). The maximum penalty for a violation of Rule 1.3 is disbarment, while the maximum penalty for a violation of the other rules is a public reprimand.

In his petition, Field admitted that in 2007 a client retained him to represent her in several matters resulting from her daughter's death. Those matters included guardianship of her grandson, a conservatorship to settle her daughter's estate for her grandson, and

a child support arrearage owed by the child's father. Field advised the client that she could pay his fee from the estate but failed to tell her that she first needed court permission to encroach on the estate. Subsequently, the client paid fees in excess of $12,000 to Field, but he failed to perform any work on the guardianship or child support matters. Field acknowledged that his client was forced to resign as conservator due to the probate court's concerns about her use of estate funds to pay Field's fees. Eventually, the probate court entered a judgment against the client and her surety in the amount of $14,579.46, representing fees paid to Field, with interest. Field never accounted for how he earned the fees his client paid, and she filed a fee arbitration petition with the State Bar's Fee Arbitration Program. In July 2011, the client was awarded $11,000, but Field has been unable to make any payments toward that award.

Based on these actions, Field admits that he violated Rules 1.3, 1.4, and 1.5 of the Georgia Rules of Professional Conduct, and that his client suffered serious harm as a result of his violations. Field, who is currently receiving Social Security disability benefits and residing in an assisted living facility, expressed remorse for his misconduct and regret that he is unable to pay the fee arbitration award entered against him. He notes that he has no prior disciplinary history and that in recent years he has suffered extraordinary personal losses and medical problems, including the death of his wife, the threat of foreclosure on his home, extended hospitalizations, the amputation of both legs, and cancer. He represents that he does not expect to be able to return to the practice of law or even to continue to pay inactive Bar dues. Accordingly, Field requested that he be allowed to voluntarily surrender his license. The State Bar expressed no objections and, although the special master indicated that suspension may have been appropriate if Field could have provided restitution, he also recommended accepting Field's petition for voluntary surrender based not only on the admitted rules violations in this matter, but also on his medical impairments that have rendered him incapable of returning to the practice of law.

We have reviewed the record and, given the circumstances of this case, we accept the petition for voluntary surrender of Field's license to practice law in Georgia. As a voluntary surrender of license is tantamount to disbarment, we hereby order that the name of Charles W. Field be removed from the rolls of persons entitled to practice law in the State of Georgia. Field is reminded of his duties under Bar Rule 4-219 (c).

*Petition for voluntary surrender of license accepted. All the Justices concur.*

DECIDED APRIL 29, 2013.

*Paula J. Frederick, General Counsel State Bar, A. M. Christina Petrig, Assistant General Counsel State Bar*, for State Bar of Georgia.